[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 26, 2008
THOMAS K. KAHN
CLERK

_____

No. 05-10559

_____

D. C. Docket No. 02-23093-CV-TK

POZZI WINDOW COMPANY,

Plaintiff-Counter-
Defendant-Appellee
Cross-Appellant,

versus

AUTO-OWNERS INSURANCE,

Defendant-Counter-
Claimant-Third
Party-Plaintiff-Appellant
Cross-Appellee,

versus

CORAL CONSTRUCTION OF SOUTH FLORIDA, INC.,
JAMES IRBY,

Third-Party-Defendants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(September 26, 2008)**

Before TJOFLAT and HULL, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

In this insurance dispute, Appellant Auto-Owners Insurance Company ("Auto-Owners") issued two commercial general liability policies (the "Policies") to Coral Construction of South Florida, Inc. ("Coral") and Coral's president, James J. Irby ("Irby"). Appellee Pozzi Window Company ("Pozzi") manufactured the windows in a home that Coral, as a general contractor, constructed. After the homeowner sued Pozzi for water damage due to leakage around the windows, Pozzi cross-claimed against Coral and Irby, asserting that their subcontractor had defectively installed the windows. Coral and Irby settled Pozzi's claims against them, and as part of the settlement, they assigned their rights under the Policies to Pozzi. Auto-Owners and Pozzi dispute whether the Policies cover Coral's and Irby's liability for the repair or replacement of the defectively installed windows.

The district court concluded that the Policies provided coverage and granted

_____

[*]Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

2

partial summary judgment to Pozzi. The case then proceeded to a jury trial before a magistrate judge on Pozzi's claims of bad faith and breach of contract—i.e., breach of the Policies—and the jury found in Pozzi's favor. Auto-Owners appealed.

After review and oral argument, this Court certified the coverage issue to the Florida Supreme Court. See Pozzi Window Co. v. Auto-Owners Ins., 446 F.3d 1178, 1188 (11th Cir. 2006) ("Pozzi I").[1] The specific question certified to the Florida Supreme Court was:

> DOES A STANDARD FORM COMPREHENSIVE GENERAL LIABILITY POLICY WITH PRODUCT COMPLETED OPERATIONS HAZARD COVERAGE, SUCH AS THE POLICIES DESCRIBED HERE, ISSUED TO A GENERAL CONTRACTOR, COVER THE GENERAL CONTRACTOR'S LIABILITY TO A THIRD PARTY FOR THE COSTS OF REPAIR OR REPLACEMENT OF DEFECTIVE WORK BY ITS SUBCONTRACTOR?

Id.

In answering this certified question, the Florida Supreme Court opined that there "appear[ed] to be a factual issue as to whether the windows themselves were defective or whether the faulty installation by the Subcontractor caused damage to

---

[1]In Pozzi I, this Court also affirmed the magistrate judge's (1) grant of judgment as a matter of law to Auto-Owners on Pozzi's claim of bad faith, and (2) decision to set aside the jury's grant of punitive damages to Pozzi. See Pozzi I, 446 F.3d at 1179. Further background can be found in the prior opinion. See id. at 1179-1182.

3

both the windows and other portions of the completed project." Auto-Owners Ins.

Co. v. Pozzi Window Co., 984 So. 2d 1241, 1247 (Fla. 2008). The Florida

Supreme Court dubbed this purported factual issue "critical," and thus answered

the certified question as follows:

> If the windows were purchased by the Homeowner and were not
> defective before being installed, coverage would exist for the cost of
> repair or replacement of the windows . . . . However, a different result
> would follow if the windows were defective prior to being
> installed . . . .

Id. at 1243, 1248 (emphasis added).

The parties have litigated this case as though the only matter at issue was

whether coverage would exist under the Policies if the windows were defectively

installed—and not whether coverage would exist if the windows were defective

prior to installation. As detailed in Pozzi I, this litigation commenced when Jorge

Perez hired Coral and Irby to construct his house. Pozzi I, 446 F.3d at 1180. The

house included windows manufactured by Pozzi and installed by Coral's and

Irby's subcontractor, Brian Scott Builders, Inc. ("Scott"). Id. After Perez moved

into the house, he complained of water damage due to leakage around the windows

and filed suit against Pozzi, Coral, and Scott. Id.

In Perez's lawsuit, Pozzi cross-claimed against Coral and Irby for negligent

4

supervision of Scott during the window installation.[2]  Id.  Coral and Irby filed

claims with Auto-Owners for coverage under the Policies for their liability arising

from Pozzi's claim that the windows were defectively installed, but Auto-Owners

responded that the damages sought by Pozzi were not covered.  Id.  Pozzi

ultimately settled its cross-claims against Coral and Irby, and as part of that

settlement, Coral and Irby assigned to Pozzi their rights under the Policies,

including their claims against Auto-Owners for denying coverage for Pozzi's

original cross-claims that alleged defective installation of the windows.  Id.

Pozzi's cross-claims unambiguously asserted that the damages caused to

Perez's home were the result of Scott's improper or defective installation of the

windows.  Amended Cross-Claim ¶ 14.  More importantly, in Auto-Owners'

December 2000 letter denying coverage to Coral and Irby for Pozzi's cross-claims,

Auto-Owners advised as follows:

> In accordance with Florida Law, our policy will not extend coverage
> for the damages consisting of the defective construction performed by
> you or by your subcontractors.  The costs incurred to remedy the
> defective installation of windows are not damages covered under your
> policy.

Letter from Auto-Owners to Coral (Dec. 27, 2000) (emphasis added).  In other

words, from the very beginning of this case, Auto-Owners denied coverage for

_____

[2]Pozzi settled Perez's claims and agreed to remedy the problems with the windows.
Pozzi I, 446 F.3d at 1180.

Pozzi's cross-claims based solely on the argument that defective work performed by the subcontractor Scott was not covered under the Policies. Auto-Owners never asserted that Pozzi's claims were not covered due to defects in the windows that existed prior to installation.

Indeed, even on appeal before this Court, the statement of issues in Auto-Owners' brief identified one issue and framed the only issue as whether the Policies covered "damages for repair and replacement <u>due to defective workmanship</u> of the general contractor or its subcontract." Appellant's Br. at 1 (emphasis added). It is well-settled that an argument not raised or developed on appeal is waived. See <u>McFarlin v. Conseco Servs., LLC</u>, 381 F.3d 1251, 1263 (11th Cir. 2004) (collecting cases). Even assuming <u>arguendo</u> that Auto-Owners at one time might have raised the argument that the only liability and loss in this case arose from defective manufacture of the windows and that coverage was unavailable under the Policies due to defects in the windows themselves, Auto-Owners did not raise that issue and thus waived it. The sole issue in this particular case has always been whether, under Florida law, the Policies covered Coral's and Irby's liability for repairing and replacing Scott's defective installation of the windows. See <u>Pozzi I</u>, 446 F.3d at 1188. Because the Florida Supreme Court has now answered <u>that</u> question in the affirmative, we affirm the breach-of-contract

6

judgment in Pozzi's favor.[3]  We remand for consideration of whether Pozzi is

entitled to attorney's fees, but express no opinion about that issue.[4]

**AFFIRMED and REMANDED.**

---

[3]The Florida Supreme Court's conclusion that there "appear[ed] to be a factual issue as to whether the windows themselves were defective or whether the faulty installation by the Subcontractor caused damage to both the windows and other portions of the completed project" seems to be based primarily on language in our original Pozzi I opinion.  See Auto-Owners Ins. Co., 984 So. 2d at 1247 ("The Eleventh Circuit characterizes the 'defective work' in this case in two distinct manners.").  Our opinion in Pozzi I contained at least fourteen references to "defective work," but there are two stray references to "defective windows."  After reviewing the record again and for the reasons already outlined above, we conclude there is no factual dispute in this coverage lawsuit, and the only issue on appeal is whether the Policies covered "damages for repair and replacement due to defective workmanship of the general contractor or its subcontractor."  Appellant's Br. at 1.

[4]We note that in 2005, after a joint motion to stay by the parties, the magistrate judge entered an order staying determination of attorney's fees and costs until this appeal was resolved.